IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIAN BROWN, <br> No. B88307, <br><br>       Plaintiff, <br><br> vs. <br><br> MEARL J. JUSTUS, <br> S. JOHNSON, <br> SGT. TICE, <br> C/O VICTOR DUBOSE, <br> C/O REEB W. BUTLER, <br> C/O CHARLES BELFIELD, <br> C/O RANIER MITCHELL, <br> C/O BOBBY BUTCHEE, <br> C/O BRIAN COMPTON, <br> C/O JAMES SMITH, <br> C/O STEPHANIE MUNIE, <br> C/O CHRISTOPHER ROGERS, <br> C/O MAURICE JONES, <br> C/O HARRIS, <br> C/O CLAYTON, and <br> C/O COLLINS, <br><br>       Defendants. | Case No. 13-cv-01105-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Dorian Brown, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident of excessive force while he was housed in the St. Clair County Jail awaiting sentencing.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

> action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on or about December 21, 2011—just days after something of a riot occurred at the St. Clair County Jail—Plaintiff Brown was stopped by the

defendant guards in a "blind spot" in the hallway, out of view of cameras. Sgt. Tice identified Plaintiff to other guards as one of the inmates involved in the riot. The guards then began beating Plaintiff. Plaintiff was subsequently handcuffed, but not until after the guards landed additional punches and smashed Plaintiff's head into the wall. Cuffed, Plaintiff was thrown to the ground, where other inmates were lying face down with their legs spread apart. Inmates were lying on top of other inmates, face-to-buttocks. Plaintiff was ordered to lie with his nose between another inmate's buttocks, and guards shouted and kicked him until he complied. Guards laughed as though it were all a joke. Someone then stepped on Plaintiff's toes, grinding them into the floor. Plaintiff heard, "Scream into that hole[.] Do y'all hear that echo[?]" When Plaintiff attempted to lift his feet; he was kicked and yelled at while the laughter continued. Plaintiff was later lifted up off the floor by his cuffs, causing unbearable pain. Sgt. Tice then handed Plaintiff paperwork charging Plaintiff with a felony.

Plaintiff was placed in segregation for approximately 30 days, but ultimately he was found not guilty of attempting to incite a riot. As a result of the guards' assault, Plaintiff continues to suffer from severe headaches, lower back pain, neck pain, dizziness, depression and panic attacks. The complaint, however, contains no prayer for relief.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations into a single count.

> **Count 1:   On or about December 21, 2011, the Defendants used excessive force against Plaintiff, in violation of the Due Process Clause of the Fourteenth Amendment.**

## Discussion

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "[U]nnecessary and wanton infliction of pain" violates a prisoner's rights under the

Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). Force intended "maliciously and sadistically" to cause harm to the prisoner falls under that standard. *Hudson v. McMillian,* 503 U.S. 1, 7156 (1992). Correctional officers with reason to know that a fellow officer is using excessive force, and who have a realistic opportunity to intervene but do not, can also face liability. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001).

Because Plaintiff Brown was convicted but not formally sentenced, it is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment ban on cruel and unusual punishment that affords him constitutional protection, but for all relevant purposes, the standards are interchangeable. *See Lewis,* 581 F.3d at 473-75; *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

The allegations in the complaint support a colorable constitutional claim. Although the complaint contains no prayer for relief, as required by Federal Rule of Civil Procedure 8(a)(3), the Court will construe the *pro se* pleading as requesting all relief available under Section 1983. Two particular defendants warrant further discussion.

Sheriff Mearl J. Justus (now deceased) and Captain S. Johnson are named as defendants, but there are no allegations linking them in any way to the alleged assault. The complaint indicates that Justus is sued because he is the sheriff, and Johnson is sued because he is "in charge of overall operations and staff behavior." (Doc. 1, pp. 1-2). Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v.*

*McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Therefore, Defendants Justus and Johnson, who have only been sued because of their positions, shall be dismissed with prejudice. The complaint indicates that the other fourteen defendants were all involved in the assault, or were bystanders. With the exception of Sgt. Tice, Plaintiff has not identified specifically which defendant did what during the assault (*see* Doc. 1, p. 2).

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **MEARL J. JUSTUS** and **S. JOHNSON** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Count 1 shall proceed against Defendants **SGT. TICE**, **C/O VICTOR DUBOSE**, **C/O REEB W. BUTLER**, **C/O CHARLES BELFIELD**, **C/O RAINER MITCHELL**, **C/O BOBBY BUTCHEE**, **C/O BRIAN COMPTON**, **C/O JAMES SMITH**, **C/O STEPHEN MUNIE**, **C/O CHRISTOPHER ROGERS**, **C/O MAURICE JONES**, **C/O HARRIS**, **C/O CLAYTON** and **C/O COLLINS**.

The Clerk of Court shall prepare for Defendants **SGT. TICE**, **C/O VICTOR DUBOSE**, **C/O REEB W. BUTLER**, **C/O CHARLES BELFIELD**, **C/O RAINER MITCHELL**, **C/O BOBBY BUTCHEE**, **C/O BRIAN COMPTON**, **C/O JAMES SMITH**, **C/O STEPHEN MUNIE**, **C/O CHRISTOPHER ROGERS**, **C/O MAURICE JONES**, **C/O HARRIS**, **C/O CLAYTON** and **C/O COLLINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 2, 2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**