IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1105-MJR-DGW |
| | ) | |
| SGT. TRICE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Strike Complaint or, in the Alternative, Motion to Drop Parties (Doc. 24), filed by Defendants Sgt. Trice, C/O Harris, C/O Clayton, and C/O Collins, on January 9, 2014; the Motion to Clarify the Original Complaint (Doc. 26) filed by Plaintiff on January 22, 2014; and the Motion for Recruitment of Counsel (Doc. 28) filed by Plaintiff on February 18, 2014.

**Motion to Drop Parties (Doc. 24) and Motion to Clarify (Doc. 26)**

In both motions, Defendants and Plaintiff seek to correct an error in Plaintiff's Complaint. In his Complaint, Plaintiffs lists 14 Defendants, 10 of which are, in fact, fellow inmates and individuals Plaintiff expects to call as witnesses. In the interest of docket control, the Clerk of Court is **DIRECTED** to drop the following parties from this case as they are inmates and not defendants: Victor Dubose, Reeb Butler, Charles Belfield, Rainer Mitchell, Bobby Butchee, Brian Compton, James Smith, Steven Munie, Christopher Rogers, and Maurice Jones. As such, both motions are **GRANTED**.

**Motion for Recruitment of Counsel (Doc. 28)**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-56.

Plaintiff has not met his initial burden of attempting to secure private counsel. Plaintiff alleges that he has contacted three legal organizations seeking representation. Plaintiff, however, has failed to attach his correspondence to any attorneys he has contacted and the responses to his correspondence, if any. Thus, Plaintiff has failed to demonstrate that he has attempted to secure private counsel.

The Court nonetheless finds that Plaintiff is competent to advance this uncomplicated matter. The Complaint in this matter appears to be written and attested to by the Plaintiff himself. He is capable of reading, writing, and understanding the English language. Plaintiff has indicated

that he has received a G.E.D. While Plaintiff's claim is colorable, it is not complex and he will be capable of investigating crucial facts. Plaintiff appears to be competent to prosecute this matter, and this Court will not recruit counsel at this time. This Court, however, may recruit counsel, if necessary, at a later date.

**IT IS SO ORDERED.**

**DATED:   April 23, 2014**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**